[L. A. No. 204.   Department One.—April 6, 1897.]

## J. M. KELLERMAN, APPELLANT, v. SIMON MAIER ET AL., RESPONDENTS.

APPEAL—REVIEW OF FINDINGS—SUPPORT OF JUDGMENT—SPECIFICATION—
SUFFICIENCY OF EVIDENCE. — Where findings which are sufficient in
form and substance to justify and support the judgment are not as-
sailed or objected to, they must be upheld as correct statements of the
facts shown by the evidence; and it is immaterial in such case whether
other findings objected to in the specifications are justified by the evi-
dence or not.

CORPORATIONS — PAID-UP STOCK—TRANSFER OF PROPERTY—PUBLIC POL-
ICY. — It is competent for persons organizing a corporation to agree
among themselves that paid-up stock shall be issued to them in con-
sideration of the transfer by them to the corporation of property which
can be used for the purposes for which it was incorporated; and no pub-
lic policy is violated thereby.

ID.—SALE OF STOCK AT DISCOUNT—HIGHEST MARKET PRICE—PURCHASER
NOT LIABLE.—Where the stock of a corporation is sold at the highest
market price, at a discount from its face value, the purchaser is not
liable as a subscriber for any unpaid balance of the face value.

ID. — DECREASE OF MARKET VALUE — ISSUANCE OF SHARES TO EQUALIZE
PRICES—WANT OF CONSIDERATION—VOID CERTIFICATES—HOLDERS NOT
LIABLE AS SUBSCRIBERS.—Where, after the issuance of shares sold at
the highest market price, the market price becomes reduced, the is-
suance of an additional number of shares, without consideration, merely
to equalize the prices, so that the stock already purchased should cost
no more than that to be purchased at the reduced price, is in violation
of section 359 of the Civil Code providing that "no corporation shall
issue stock or bonds except for money paid, labor done, or property
actually received," and the certificates for such additional number of
shares issued to present stockholders, without any new consideration,
are void, and the parties receiving them do not thereby become share-
holders, nor make themselves liable to creditors of the corporation as
for an unpaid subscription.

APPEAL from a judgment of the Superior Court of
Los Angeles County and from an order denying a new
trial.   WALDO M. YORK, Judge.

The facts are stated in the opinion.

*F. W. Burnett*, for Appellant.

The sale by the five directors of their own property
to the corporation in payment for the stock was void.
(*Smith* v. *Los Angeles Immigation Assn.*, 78 Cal. 289; 12

Am. St. Rep. 53.)    In order to make the transfer of the
land a discharge of the obligation of the defendant di-
rectors to pay ten thousand dollars each to the capital
stock of the corporation, they should have shown that
the property approximated in value the amount of the
debt.    (Const., art. XII, sec. 11; *Newcastle Northern
R. R. Co.* v. *Simpson*, 21 Fed. Rep. 533; Thompson on
Corporations, secs. 1606 et seq.)    The defendants, hav-
ing surrendered their stock, which was never reissued,
they remained liable thereon until it was reissued to other
parties.    (Cook on Stocks and Stockholders, sec. 42.)

*J. T. Houx*, for Respondents.

The findings in the record not attacked by appellant
are sufficient to support the judgment, and therefore
it is immaterial whether other findings objected to are
sustained by the evidence or not.    (*Spaulding* v. *Bradley*,
79 Cal. 449; *Burbank* v. *Dennis*, 101 Cal. 90.)    As to
the stock issued and paid for at the market price the
defendants are not liable for any unpaid balance.
(*Handley* v. *Stulz*, 139 U. S. 417; *Fogg* v. *Blair*, 139
U. S. 118; *Clark* v. *Beaver*, 139 U. S. 96.)    The issuance
of additional shares to equalize the price paid by the
defendants with the reduced price paid by other stock-
holders did not make the defendants liable, as subscri-
bers, to the plaintiff.    (*Christenson* v. *Eno*, 106 N. Y.
97; 60 Am. Rep. 429.)    If the issue of stock under the
resolution of October 6, 1891, was unconstitutional and
void, and in contravention of section 359 of the Civil
Code, then the stockholders receiving the same did not
become shareholders by such receipt.    They possess no
rights and are not subject to any liabilities upon the
stock so issued.    (*Arkansas River etc. Co.* v. *Farmer's
etc. Co.*, 13 Colo. 587; *Scovill* v. *Thayer*, 105 U. S. 143.)
Besides an action for relief to a creditor on account of
such issue of stock should be based on fraud.    (See
*Hospes* v. *North Western Mfg. etc. Co.*, 48 Minn. 174; 31
Am. St. Rep. 637.)    The directors being all stockholders
and participating in accepting the land in payment of

the alleged subscription, the transaction is valid. (Civ. Code, sec. 2230; *Stewart* v. *St. Louis etc. R. R. Co.*, 41 Fed. Rep. 736; *Coffin* v. *Ransdell*, 110 Ind. 417; Thompson on Corporations, secs. 1607, 4064; *Welch* v. *Importers etc. Bank*, 122 N. Y. 177.) The transaction of accepting the land and issuing the stock is an executed contract, and assuming that it was *ultra vires*, yet being executed, it must stand. (*Parish* v. *Wheeler*, 22 N. Y. 494; *Thomas* v. *West Jersey R. R. Co.*, 101 U. S. 71; Thompson on Corporations, secs. 1618, 1619, 1642, 4061.) The indebtedness alleged by the plaintiff was incurred subsequently to the conveyance of the land and the issue of the stock in consideration of the conveyance. Subsequent creditors cannot complain of overvaluation. (*Coffin* v. *Ransdell, supra; In re State Ins. Co.*, 14 Fed. Rep. 28; *Graham* v. *La Cross etc. Co.*, 102 U. S. 148; *Kenton Furnace R. R. etc. Co.* v. *McAlpin*, 5 Fed. Rep. 738; 2 Thompson on Corporations, sec. 1618.)

BELCHER, C.—On January 15, 1895, the plaintiff recovered a judgment in the superior court of Los Angeles county against the Castica Oil Company, a corporation, for the sum of two thousand six hundred and thirty-two dollars and fifty cents, and nine dollars and fifty cents costs of suit, on which an execution was issued, and returned unsatisfied; and ten days later he commenced this action against the stockholders of the corporation to subject the amounts due upon their alleged unpaid subscriptions for stock to the payment of his judgment. The court below gave judgment in favor of all the defendants, and the plaintiff appeals from an order refusing to grant him a new trial as to four of them.

It appears from the record that the Castica Oil Company was organized as a corporation, under the laws of this state, by the respondents Maier, Phelps, Summerland, and Cook, and one Mason, since deceased. The articles of incorporation stated that the purposes for which it was formed were "to bore for, mine for, produce, manufacture, buy, sell, use, store, and refine

petroleum, and other oils, gas, brea, asphaltum, and kindred substances; and to manufacture, build, buy, sell, use, and lease oil and other mining plants," etc.; that the respondents and Mason should be the directors of the corporation for the first year; that the amount of the capital stock should be one hundred thousand dollars, divided into one hundred thousand shares of the par value of one dollar each; and that each of the incorporators had subscribed for ten thousand shares of the stock. The articles were filed in the office of the county clerk on March 31st, and in the office of the secretary of state on April 2, 1891.

On May 20, 1891, at a meeting of the directors held that day, the secretary reported that deeds to the corporation for eight hundred and forty acres of oil land, which had been secured and paid for by the five incorporators, had been delivered, and thereupon a resolution was unanimously adopted as follows: " Whereas, all of the land deeded to the Castica Oil Company, being eight hundred and forty acres in all, was secured and paid for by the following named persons (stating their names), therefore be it resolved, that for and in consideration of said land, and for the further consideration of twenty dollars, to be paid by each of the above mentioned persons, being one hundred dollars in all, that the subscription of ten thousand shares of the capital stock of the Castica Oil Company, subscribed for by each of the above-mentioned persons, be considered fully paid, and that the said land and said one hundred dollars be accepted as full payment for the ten thousand shares of capital stock of the Castica Oil Company, subscribed for by each of the above-mentioned persons."

Thereafter, on the same day, the deeds were received by the corporation, and the twenty dollars in cash was paid by each of the incorporators, and a certificate for ten thousand shares of stock was issued to each of them as fully paid-up stock. Four days later these certificates were surrendered and canceled, and in place thereof a new certificate for eight thousand two hundred

and forty-eight shares of the stock was issued to each of said subscribers, as trustee. And on May 24, 1894, the last-named certificates were returned to the company, and canceled, and no stock was afterward issued in place thereof.

The price first fixed by the board for the sale of stock was fifty cents per share, and on May 28, 1891, Maier and Cook each purchased and paid for one thousand shares at that price. Afterward, on October 6, 1891, a resolution was passed by the board authorizing the sale of stock at twenty-five cents per share, and directing the secretary to "issue additional stock to those persons who had subscribed and received their stock and paid for the same at fifty cents per share in accordance with the reduced price." Pursuant to the direction contained in this resolution the secretary issued to Maier and Cook additional certificates for one thousand shares each, for which nothing was paid.

In Februry, 1894, the price for the sale of the stock was again reduced by a resolution of the board, and with the consent of the stockholders, to seven cents per share; and at that price, on May 24, 1894, there were sold to Maier and Cook each two thousand shares, to Phelps and Summerland each one thousand shares, and to the plaintiff three thousand shares, for which certificates were issued.

In January, 1892, the plaintiff contracted with the corporation to sink a well on its land, and again in June 1894, made another contract; and it was under these contracts that the indebtedness for which he obtained his judgment arose.

On the day plaintiff commenced this action he transferred his said three thousand shares of stock in the company to one Kellogg, without any consideration whatever therefor.

It is alleged in the complaint, upon information and belief, that the defendants, of whom there were more than thirty, were, on and prior to January 2, 1895, subscribers to and are still the owners and holders of shares

of stock of the corporation " to the amount hereinunder set forth opposite their names respectively"—the number set opposite the names of Maier and Cook being four thousand shares each, and the number set opposite the names of Phelps and Summerland being one thousand shares each—and that the four last-named defendants had each paid thirty-two cents per share upon one half of their respective shares, and seven cents per share upon one half, and no more; and that said defendants agreed, at the time they became such subscribers, owners, and holders of said shares of stock, to pay the balance of the par value of said shares so remaining unpaid to said corporation, or for its use, when legally called upon to do so; but that no part of said balance has been paid, and that the said balance now remains due and unpaid.

It is further alleged that the said corporation by its officers has neglected and refused, and still neglects and refuses to make further assessment, on said shares, or to collect the amount so remaining unpaid on said shares of stock from the defendants.

And the prayer is. 1. That the court will ascertain the amount due from each of said defendants as owners or holders of said stock of the defendant corporation; and 2. That the plaintiff have judgment against each of said defendants for the amount found due plaintiff on account of said judgment, and interest thereon, not to exceed the amount due from each of said defendants on their subscription of stock.

The court below found, among other things, as follows:

" 1. That the defendants above named were not, nor were either or any of them, subscribers to any shares of the capital stock of the said Castica Oil Company on January 2, 1895, or at any time subsequent to the —— day of May, 1891."

" 3. That the above-named defendants did not, nor did either or any of them, agree at any time, or at all, to pay the balance or any part of the par value of said

shares remaining unpaid or at all, to said Castica Oil Company, or for its use or at all, when legally called on to do so, or in any manner or form at any time or at all, and there is not any sum of money remaining unpaid or payable from each or any of said defendants to said Castica Oil Company."

" 4. That said Castica Oil Company did not, by its officers, or otherwise or at all, neglect or refuse, and does not refuse or neglect, to make any further or any assessments on said shares, or any shares or at all, and did not neglect or refuse to collect any amount remaining unpaid, or otherwise, on said shares of stock, or any shares of stock, from any of the defendants above named, and said Castica Oil Company has assets subject to execution."

" 10. That each of said defendants purchased from said corporation, and it sold to each of them respectively, the said shares owned and held by them respectively, for the amount each respectively paid said corporation for said shares, and that the amount that each defendant has paid to said corporation for his respective shares as aforesaid was the full market value and price of said shares at the time of said sale and purchase and ever since."

These findings are not assailed or objected to in the specifications attached to the statement, or in the brief of appellant's counsel. They are sufficient in form and substance to justify and support the judgment, and must be upheld as correct statements of the facts shown by the evidence. This being so, it is immaterial whether other findings objected to are justified by the evidence or not. (*Spaulding* v. *Bradley,* 79 Cal. 449.)

It is argued for appellant that the payment by the original incorporators for the stock subscribed for by them, by the transfer of land, was a transaction void on its face, because they, as directors, sold to the corporation their own property at their own price. But at the time of the transaction the five directors were the only stockholders of the company, and they continued to be

so up to October following. The corporation was organized to bore for oil, and the corporators obtained title to the land, supposing, doubtless, that it contained oil, which by boring could be brought to the surface in paying quantities and utilized. Why could they not organize a corporation to effect the objects they had in view, and turn over to it the land to be operated on for such price as they might themselves agree upon? No one was injured, and no public policy violated thereby.

We fail to see how the cases cited can be held applicable to the facts of this case, since at the time of the transaction here complained of the directors were the only stockholders and the only beneficiaries of the trust. Besides, the shares of stock first subscribed for are evidently not the ones involved in this action. The complaint alleges that each of the respondents is the owner and holder of a certain number of shares, upon which he has paid a certain part of their par value and no more. These numbers correspond exactly with the number of shares afterward purchased and paid for by respondents; and the shares so owned and held must, therefore, be the ones on which plaintiff based his right to recover.

It is further argued that nothing was paid for the two thousand shares of stock issued to two of the respondents under authority of the resolution of October 6, 1891, and that the holders are liable for the par value thereof; but it is admitted that as to the remainder of the stock issued the evidence shows that it was sold at the highest market price, and under the decisions of this court the purchasers are not liable for any unpaid balance.

It appears that certain stockholders had purchased and paid for stock at fifty cents per share, and that by the resolution of October 6th the price was reduced to twenty-five cents per share, and additional shares were to be issued to those who had purchased at fifty cents, in order to equalize the prices so that the stock already

purchased should cost no more than that to be purchased at the reduced price.

Section 359 of the Civil Code provides: "No corporation shall issue stock or bonds except for money paid, labor done, or property actually received." The certificate for the 2,000 shares of stock, referred to, appear to have been issued in violation of this provision; and if they were so issued they were void, and the parties receiving them did not thereby become shareholders, nor make themselves liable to creditors as for an unpaid subscription. (*Christensen* v. *Eno*, 106 N. Y. 97; 60 Am. Rep. 429; *Arkansas River etc. Co.* v. *Farmers' Loan etc. Co.*, 13 Colo. 587.)

If we are right in what has been said, then the other points discussed by counsel are immaterial and do not require special notice.

In our opinion the judgment and order appealed from should be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.