[S. F. No. 7036. In Bank.—June 20, 1918.]

## J. F. LUCEY COMPANY (a Corporation), Respondent, v. R. J. McMULLEN, Appellant.

APPEAL—SEPARATE APPEALS—JUDGMENT AND ORDER REFUSING TO SET ASIDE—SEPARATE CONSIDERATION UNNECESSARY.—Where there is an appeal from a judgment for plaintiff and also from an order refusing to set aside the judgment and enter a judgment for the defendant, it is unnecessary to consider the appeal from the order separately, since the same matters presented thereon arise upon the appeal from the judgment.

ID.—PLEADINGS—INSUFFICIENT COMPLAINT AIDED BY ANSWER.—Where insufficient allegations of a complaint are eked out by the averments of the answer, the defects in the complaint are no longer available to a defendant on appeal.

CORPORATIONS—STOCKHOLDERS — UNPAID STOCK—ACTION BY JUDGMENT CREDITOR—DEMURRER TO COMPLAINT.—Where in an action by a judgment creditor of a corporation against one claimed to be a stockholder, to compel the application of the defendant's alleged unpaid stock subscription to the payment of the plaintiff's judgment, it was alleged unequivocally in the complaint that no consideration was paid to the defendant or received by the corporation for or on account of the issuance of the stock by the corporation to the defendant, a demurrer to the complaint should have been sustained, since both under section 11 of article XII of the constitution and section 359 of the Civil Code, stock issued under such circumstances is void, and persons receiving it did not thereby become shareholders, nor render themselves liable to creditors as for an unpaid subscription.

ID.—DEFECTIVE COMPLAINT CURED BY ANSWER.—Where in such action the defendant subsequently answered and, in his answer alleged that the stock was issued to him as a bonus for making a loan to the corporation, the insufficiency of the complaint in alleging that the stock was issued without consideration was not available to the defendant on appeal.

ID.—INSUFFICIENT FINDINGS OF FACT—ISSUE OF STOCK AS BONUS FOR LOAN—FAILURE TO FIND VALUE OF STOCK.—Where in such action the defense set up by the answer was that the stock was issued to the defendant as a bonus for a loan by the defendant to the corporation, that the stock at the time had no market value, and that the transfer was for a full consideration and for the highest market value, it was incumbent on the court (if it found that the stock was issued as a bonus for a loan) to find also what actual value the stock had, if any, since, in such event, the defendant would be entitled to have the actual consideration for which the stock was taken ascertained and applied to his subscription to the stock, and the creditors of the corporation would be entitled, at the most, to have access to whatever balance of the subscription remained unpaid, and findings that were silent in these respects were fatally uncertain and not responsive to the issues presented by the pleadings.

ID.—CONSIDERATION FOR ISSUE OF STOCK—CONSIDERATION LESS THAN PAR VALUE OF STOCK—RIGHTS OF CREDITORS.—Where a corporation has issued its stock for money or property having a defined value less than the par value of the stock, creditors of the corporation can have recourse against the stockholder for the difference between the purchase price of the stock and its par value, even though, as between the corporation and such stockholder, it was agreed that it should be taken as fully paid-up stock.

ID.—CONSIDERATION CONSISTING OF PROPERTY WITHOUT DEFINED VALUE.—Where the stock of a corporation is issued for a consideration consisting of property having no defined value, and the corporation and the stockholder have agreed upon a valuation for the property transferred, such valuation is conclusive unless it is fraudulent in purpose and effect.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order refusing to set aside a judgment. T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Dudley Kinsell, Vance McClymonds, Mastick & Partridge, and H. F. Chadbourne, for Appellant.

Herbert L. McNair, and McNair & Stoker, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in favor of plaintiff and also from an order refusing to set aside said judgment and enter a judgment for the defendant. As to this latter appeal it is unnecessary to consider it separately, since the same matters presented thereon arise upon the appeal from the judgment. (Hayne on New Trial and Appeal, sec. 199.) The action was one brought by the plaintiff as a judgment creditor of the Oakland-McKittrick Oil Company, a corporation, and also as the assignee of two other judgments against said corporation, and is one in which the plaintiff seeks to recover from the defendant an amount sufficient to satisfy these several judgments for which the said defendant is alleged to be liable by virtue of the fact that the defendant was, at the time the indebtedness represented by said judgments arose, a stockholder of the said Oakland-McKittrick Oil Company, holding twenty-five thousand shares of its capital stock of the par value of one dollar per share. The complaint proceeds to allege upon information and belief, "that the said defendant paid no sum of money or other thing of value, to said Oakland-McKittrick Oil Company, or to any other person, or at all, for said twenty-five thousand shares, or for any part thereof, and that all of said twenty-five thousand shares were issued directly to the said defendant by said Oakland-McKittrick Oil Company without the said defendant paying or the said Oakland-McKittrick Oil Company receiving any consideration therefor whatever. That said defendant is still the owner and holder of said twenty-five thousand shares, and has never paid any consideration for the same, and that there is now due and owing from the said defendant to said Oakland-McKittrick Oil Company the full sum of twenty-five thousand dollars, the par value as aforesaid of said stock, for the same." The complaint prays for the application of a sufficient portion of all defendant's alleged unpaid subscription to pay his said judgments and for general relief. To this complaint the defendant presented a demurrer, which the court overruled, whereupon the defendant answered the several counts of the complaint, denying that he did not pay full consideration for said stock, and averring that said stock at the time of its transfer to him was fully paid-up stock of said corporation, and as a further and separate defense alleged that the said defendant received said

stock in the course of a certain transaction in which he had
loaned to the said Oakland-McKittrick Oil Company the sum
of three thousand five hundred dollars upon its promissory
note secured by a chattel mortgage and assignment of lease,
and that as part of the consideration for said loan, and as a
bonus therefor, the said corporation had issued to the defend-
ant and he had received the aforesaid shares of the fully
paid-up stock of the corporation; that said stock at no time
had any value whatsoever, and was finally sold for delinquent
assessments levied thereon. Upon the trial of the cause the
court made the following finding of fact: "That on the thir-
tieth day of November, 1910, the defendant herein became
the owner of twenty-five thousand shares of the capital stock
of said Oakland-McKittrick Oil Company, of the par value of
twenty-five thousand dollars; that said defendant paid no
sum of money or other thing of value to said Oakland-
McKittrick Oil Company, or to any other person, or at all,
for said twenty-five thousand shares, or for any part thereof,
and that all of said twenty-five thousand shares were issued
directly to the said defendant by said Oakland-McKittrick
Oil Company without the said defendant paying or the said
Oakland-McKittrick Oil Company receiving any considera-
tion therefor whatever; that said twenty-five thousand shares
were issued by said Oakland-McKittrick Oil Company to said
defendant as a bonus to said defendant for making a loan of
three thousand five hundred dollars to said Oakland-Mc-
Kittrick Oil Company, to secure which loan said Oakland-
McKittrick Oil Company gave to said defendant a chattel
mortgage upon its property and assets; that said defendant
is still the owner and holder of said twenty-five thousand
shares of stock, and has never paid any consideration for the
same, and that there is now due and owing from said defend-
ant to said Oakland-McKittrick Oil Company the full sum of
twenty-five thousand dollars, the par value of said stock, for
the same." The court made no finding as to whether said
stock was ever of any value, nor did it find what, if any, was
the value of the security pledged to the defendant for his
said loan. As a conclusion of law, the court found that the
defendant was indebted to the Oakland-McKittrick Oil Com-
pany in the sum of twenty-five thousand dollars, covering the
entire par value of said stock, and hence was liable to the

plaintiff for the sum of $6,772.40, the full amount of its said claim, for which judgment was accordingly entered.

The first question presented by the appellant upon this appeal is that his demurrer to the complaint should have been sustained.

This point we deem to be well taken. The unequivocal language of the plaintiff's complaint above quoted is susceptible of no other construction consistent with the rules of pleading than that no consideration was either paid or received for or on account of the transfer of the stock in question to the defendant. If this be so, the case falls squarely within the reasoning and authority of *Kellerman* v. *Maier*, 116 Cal. 416, [48 Pac. 377], wherein it is decided that such a transfer of stock of a corporation is void under section 359 of the Civil Code, which embodies the terms of article XII, section 11, of the state constitution, the court in that case holding that "certificates of shares of stock of a corporation issued in violation of this section of the code and provision of the constitution are void, and that parties receiving them did not thereby become shareholders, nor make themselves liable to creditors as for an unpaid subscription." The record, however, discloses that the defendant in his answer denied that said stock was issued to him without any consideration paid or received therefor, and in support of said denial sets up the actual transaction in the course of which he received said stock from the Oakland-McKittrick Oil Company, and affirmatively alleges that said stock was transferred to him as a bonus for making a loan of three thousand five hundred dollars to the corporation, and as a part of the consideration for said loan, and further avers that said stock was issued to him and received by him as fully paid-up stock of said corporation. In making these allegations the answer ekes out the insufficiency of the complaint in which it was assailed upon demurrer. This being so, the point is no longer available to the defendant upon appeal. (*Cohen* v. *Know*, 90 Cal. 266, [13 L. R. A. 71, 27 Pac. 215]; *Kreling* v. *Kreling*, 118 Cal. 421, [50 Pac. 549]; *Savings Bank of San Diego County* v. *Barrett*, 126 Cal. 413, [58 Pac. 914].) But if the respondent can escape the peril of this attack upon the insufficiency of its complaint, it is only to fall upon the horns of the dilemma presented by the findings of the court. The court found the fact to be as the plaintiff had alleged it to be, that

no consideration had been paid or received for the transfer of said stock to the defendant, and that the defendant was liable to the corporation for the full sum of twenty-five thousand dollars, the par value of said stock. The court also, however, found the facts attending the transfer of the stock to him to be that the defendant had been delivered said stock as a bonus for making a loan to the corporation issuing it. From the facts thus found this dilemma arises: If no consideration existed for the issue and transfer of this stock to the defendant, then such issue and transfer would be void upon the authority of *Kellerman* v. *Maier, supra.* On the other hand, if the making of the loan was a valuable consideration for the issue and transfer of the stock, then its issue and transfer would not be void as in violation of the section of the Civil Code and the provision of the constitution above quoted (*California Trona Co.* v. *Wilkinson,* 20 Cal. App. 694, [130 Pac. 190]), but in such event the defendant would have been entitled to have the actual consideration for which the stock was taken ascertained and applied to his subscription to said stock, and as a payment in whole or in part of his liability thereon, and the creditors of the corporation would only be entitled, at the most, to have access to whatever balance of the subscription remained unpaid in order to realize upon their claims. It was therefore incumbent upon the trial court to find what actual value the stock had, if any, and what actual consideration, if any, existed for its issuance and transfer to the defendant (*McKee* v. *Title Ins. Co.,* 159 Cal. 206, [113 Pac. 140]). The findings of the court are silent upon this phase of the case. Hence they are not only fatally doubtful and uncertain, but do not respond to the issues presented by the pleadings herein. The case, however, presents other aspects which should be viewed and determined for the purposes of such amendment of the pleadings as may be necessary and of another trial. The defendant in his answer averred that the stock in question was issued to him as a bonus for a loan by him to the corporation of the sum of three thousand five hundred dollars; that at the time of its issuance to him as such bonus stock by said corporation, it was represented to him by the official agents thereof that said corporation was financially embarrassed and indebted to various persons, and in need of an immediate loan of the sum of three thousand five hundred dollars to take care of and

discharge the pressing obligations of said corporation, and that if said defendant would make to it said loan for such purposes, the said corporation would in consideration thereof, and as a bonus therefor, issue to said defendant twenty-five thousand shares of the fully paid-up capital stock of said corporation, and that relying upon said representations said defendant did make said loan, took from said corporation said stock as a bonus therefor upon such understanding and agreement. That said stock at the time of said transaction had no market value, or any value whatsoever, and that the transfer of said stock and the whole thereof to him was made for a full consideration and for the highest market value obtainable therefor. These averments of fact present a logical problem which has for its major premise the legal question as to the extent of the liability to creditors of a corporation of persons taking bonus stock of such corporation under circumstances similar to those presented by the defendant's pleading in the instant case. In the cases of *Vermont Marble Co.* v. *Declez Granite Co.*, 135 Cal. 579, [87 Am. St. Rep. 143, 56 L. R. A. 728, 67 Pac. 1057], and *Herron* v. *Shaw*, 165 Cal. 668, [Ann. Cas. 1915A, 1265, 133 Pac. 488], it was held that as to stockholders of a corporation to whom had been issued its stock for money or for property having a defined value less than the par value of the stock, the creditors of the corporation could have recourse against such stockholders for the difference between the purchase price of the stock and its par value, even though, as between the corporation and such stockholders, it had been agreed that it should be taken as fully paid-up stock. In the case of *Harrison* v. *Armour*, 169 Cal. 787, [147 Pac. 1166], it was held that where, in a transaction between a corporation and a person who was the holder of certain patent rights of undetermined value, wherein certain shares of the stock of the corporation had been issued in full payment for such patent rights and upon the express or implied agreement that such stock should be so issued and transferred as fully paid-up stock, creditors of the corporation could not have recourse against such stockholder for any unpaid balance of the par value of said stock in the absence of an affirmative showing of fraud in the transaction, and that in cases where the stock is not sold for cash, but is issued in return for real or personal property having no defined value, the rule is that where the corporation and the stockholder

have agreed upon a given valuation for the property transferred, such valuation is binding and conclusive unless it is fraudulent in purpose and effect. In the case of *Garretson* v. *Pacific Crude Oil Co.,* 146 Cal. 184, [79 Pac. 838], wherein the plaintiff, as one of the stockholders of a corporation, brought an action to set aside a transaction between the corporation and another stockholder, whereby the former had issued to the latter a large block of its stock of the par value of one dollar per share in payment for certain oil leases which the evidence showed to have a probable value equal to about ten cents per share of the stock, and also showed the stock to have had at the time of the transaction an actual market value not in excess of ten cents per share, the court held the transaction to be an entirely legitimate one as between the corporation and the stockholder obtaining such stock and one not to be assailed by other stockholders without affirmative proof of fraud in the transaction. In the cases of *Vermont Marble Co.* v. *Declez Granite Co.* and *Herron* v. *Shaw, supra,* and in other cases where the principle therein enunciated has been applied, the transaction for the transfer of the corporate stock in each case arose at a time in the life of the corporation when it was beginning or preparing to begin the business for which it was formed, and was issuing its stock in return for the money or property which was to form its capital. A different situation, however, arises when a corporation, after it has been for some time engaged in doing business, has become so involved or financially embarrassed as to find it necessary, in order to meet its obligations or obtain money or property essential to the further conduct of its operations, to issue and transfer some portion of its stock at less than its face or par value, but as fully paid-up stock, as bonuses for loans or in payment of obligations already accrued. The following cases state the rule which has been applied to corporations issuing their stock as fully paid-up stock under conditions analogous to those above indicated. In the case of *Fogg* v. *Blair,* 139 U. S. 118, [35 L. Ed. 104, 11 Sup. Ct. Rep. 476], the St. Louis and Keokuk Railroad Company had been engaged in constructing its railroad through certain portions of Missouri, and in so doing had become indebted in large amounts to a considerable number of persons on account of such work, and in order to pay for such construction caused to be issued certain bonds and also certain

amounts of its stock which were delivered to those of its creditors taking said bonds, at a considerable less value than the par value thereof but in full payment and settlement of such claims for construction. In the action brought by other creditors of the corporation against those taking such stock under said conditions to recover for the unpaid amount of the par value thereof it was held that such suit could not be maintained on behalf of such creditors without averment and proof of bad faith on the part of those engaging in such a transaction and without showing that the stock of the corporation, when issued under such circumstances, had in fact at the time of its issuance any other or higher actual value than that at which it was taken in the transaction; and that in the absence of such averments the complaint in the action was bad. In the case of *Handley* v. *Stutz*, 139 U. S. 417, [35 L. Ed. 227, 11 Sup. Ct. Rep. 530], the facts of the case showed that a corporation finding its original capital impaired by loss or misfortune, for the purpose of recuperating itself and producing new conditions for the successful prosecution of its business sought to issue additional bonds and stock for these purposes, and found that on account of its condition its bonds could not be negotiated without the use of the stock as a bonus to those taking the same and as fully paid-up stock. In the action on the part of creditors of the corporation to have recourse against those taking said stock under such circumstances to the extent of the par value thereof, the court held that no such cause of action existed in the absence of averments and proof showing actual or inferable fraud in the transaction, and that the consideration for its issuance was not equal to its full actual value at the time of its issuance and transfer. In so holding, the supreme court of the United States gave its full assent to the doctrine adopted in this state in the cases of *Vermont Marble Co.* v. *Declez Granite Co.* and *Herron* v. *Shaw, supra,* but held that it was not applicable to every case where the stock of a corporation had been issued for less than its par value, nor was it to be given application to cases where, after the corporation had been for some time a going concern, the stock was so issued for a consideration other than money and of undetermined value, where no element of bad faith entered into the transaction, and where the stock was not shown to have any greater actual value at the time of the issuance and

transfer than that for which it was taken as fully paid-up stock. (See, also, *Seaboard Nat. Bank* v. *Slater,* 117 Fed. 1003.) These cases have direct application to the case at bar. The defendant, as an affirmative defense in his answer, set forth the circumstances under which the stock in question had been issued and delivered to him. These showed that the corporation, being financially embarrassed and indebted to several persons and in immediate need of money to meet its pressing obligations, solicited and received from him a loan of the sum of three thousand five hundred dollars, giving some personal securities therefor and agreeing to issue and issuing to him this stock as a bonus for such loan and as the fully paid-up stock of the corporation; that said stock, when so issued, did not have any actual market value, and that in making said loan to it said corporation received from said defendant the full actual value of said stock, and that the making of said loan to said corporation enabled it to meet certain of its obligations and continue the prosecution of its business. These averments presented issues of fact to which, if found in favor of the defendant, the foregoing principles of law would be applicable. The court made no finding upon them, although the defendant offered evidence in their support sufficient to have required such findings. In thus failing to make any finding upon these issues or upon the question as to the good faith of the transaction which was involved therein, we think the trial court was in error, requiring a reversal of the judgment from which this appeal was taken.

Judgment reversed.

Shaw, J., Wilbur, J., Melvin, J., Sloss, J., and Angellotti, C. J., concurred.