[L. A. No. 4575. Department One.—July 30, 1918.]

## W. H. A. SHERMAN, Appellant, v. PERCY L. HARLEY et al., Respondents.

CORPORATIONS—STOCK SUBSCRIPTIONS—STOCK ISSUED FOR CONSIDERATION LESS THAN PAR VALUE—LIABILITY OF STOCKHOLDER.—When a corporation, at the inception of its enterprise, issues its stock as fully paid for a consideration less than the par value of such stock, the subscribers giving such consideration are liable to its creditors for the unpaid portion of the subscription.

ID.—BASIS OF LIABILITY—PRESUMPTION RELIED ON BY CREDITORS.—The basis of such doctrine of liability is that the credit was given in reliance on the presumption that full par value was received by the corporation for the stock issued as fully paid.

ID.—EXCEPTION TO RULE OF LIABILITY—FULL KNOWLEDGE BY CREDITOR —ESTOPPEL.—Where the particular creditor, at the time credit was

given, had full knowledge of the difference between the par value of the stock of a corporation and the value of the property received for it, an exception exists to the rule of liability of the stockholder for the portion of the subscription unpaid, since a creditor who deals with the corporation with full knowledge of the manner in which its shares have been paid for is not defrauded by the taking of over-valued property as payment of stock, and is estopped to raise that question.

ID.—APPLICATION OF MONEYS COLLECTED.—A creditor who held two judgments against a corporation, on one of which judgments stockholders of the corporation were liable to the amount of their unpaid stock subscriptions, but as to the other judgment there was no such stockholder's liability, did not have the right to apply equally on both judgments moneys received by him from those stockholders who settled with him on account of their alleged liability for unpaid subscriptions, but was bound to apply the whole sums so received to the settlement of the obligation and judgment upon which they were liable.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Stutsman & Stutsman, and Maurice F. Enderle, for Appellant.

William Ellis Lady, and G. E. Harpham, for Respondents.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in the defendants' favor, in an action brought by plaintiff, as the holder of two judgments against a corporation known as the Oleum Development Company, to recover from said defendants the several amounts claimed to be due upon their stockholders' liability for the unpaid portion of their subscription to the stock of the said corporation.  The facts of the case, as embodied in the findings of the court, may be summarized as follows:

The Oleum Development Company was originally incorporated under the name of the Clark Copper Company and under the laws of the state of Arizona, but for the purpose of doing business in the state of California, with a capital stock of one million two hundred and fifty thousand dollars, divided into that number of shares with a par value of one dollar per

share.   Shortly after its organization the corporation pur-
chased six undeveloped mining claims in the county of Inyo,
California, and as the purchase price thereof issued in one
certificate the entire amount of its said capital stock as fully
paid-up stock, delivering the same to one H. L. Percy, as one
of the owners and as trustee for the other owners of said min-
ing claims.   The court finds that the actual value of the min-
ing claims was never in excess of $29,333 and that the direc-
tors of the corporation knew this fact at the time of their
acquisition, but believed in good faith that they could be de-
veloped in a value equal to the capitalization of the corpora-
tion.   Upon their attempted development this did not prove
to be the case, as a result of which said Percy returned the
certificate of stock which he had received as the purchase price
of said mining claims to the treasury of the corporation, and
they thereafter issued to said Percy and his associates seven
hundred and seventy-five thousand shares of said stock to be
used as promotion stock.   A little later Percy and his associ-
ates returned to the treasury six hundred and ninety-five
thousand shares of this issue in order to set at rest some dis-
satisfaction, and there was presently issued to Percy and his
associates two hundred and ninety-five thousand of these
shares, for which they paid into the treasury of the corpora-
tion the sum of forty thousand dollars.   Not long thereafter
the corporation sold one hundred and sixty-five thousand
shares of its capital stock then in its treasury to other per-
sons, receiving therefor the sum of ten cents per share.   Out
of· this somewhat confused series of transactions the court
finds that the corporation emerged with an issued capital
stock of four hundred and sixty thousand shares.   For two
hundred and ninety-five thousand shares it had received in
property and money from said Percy and his associates an
amount not exceeding thirty-seven and fifty one-hundredths
cents per share, and for the remaining one hundred and sixty-
five thousand shares of stock it had received the sum of ten
cents per share.   All of this stock was issued as fully paid-up
stock by the corporation, and the defendants in this action
became the owners thereof, either directly by purchase from
the corporation or from Percy and his associates, or mediately
through purchase in the open market.   In the meantime the
name of the corporation was changed to the Oleum Develop-
ment Company and under this latter name the corporation,

after the above transactions had been consummated, executed and delivered two promissory notes for value received; each approximately for the sum of ten thousand dollars, one of said notes being made and delivered to a corporation known as Fairbanks-Morse & Company and the other being made and delivered to a corporation known as the Fielding J. Stilson Company. Fielding J. Stilson himself was, it appears, the vice-president and general manager of the Oleum Development Company. Subsequent to the making and issue of the said last-named note, he caused the said Fielding J. Stilson Company to transfer it to the Fairbanks-Morse Company as collateral security for the first-named note. Neither of these notes was paid, in consequence of which the Fairbanks-Morse Company assigned them to the plaintiff in this action for collection. The plaintiff thereupon brought, separate actions upon each of these notes against their maker and recovered two separate judgments thereon. Judgment upon the note given to the Fairbanks-Morse Company being for the sum of $10,269.17 and judgment upon the note given to the Fielding J. Stilson Company being for the sum of $9,785.70. Executions upon each of these judgments being returned unsatisfied, the plaintiff commenced this action against the stockholders of the Oleum Development Company to recover the amounts alleged to be due from each upon the amount of his unpaid subscription to the capital stock of the said corporation. After the commencement of this action and before the trial thereof, the plaintiff collected from a considerable number of the stockholders joined as defendants herein, other than the respondents herein, various sums of money upon their liability as stockholders, under section 322 of the Civil Code. Said sums of money so collected aggregated the sum of $6,970.83. The plaintiff also during the pendency of this suit collected from various other stockholders other than respondents herein sums aggregating $11,676.95 upon their alleged liability for the balance of their unpaid subscriptions. In making these payments to the plaintiff these stockholders did not make any direction as to how the money so paid by them should be applied upon the two judgments held by plaintiff against this corporation, nor did the corporation itself make any direction as to the application of these payments by its stockholders on account of its obligations, nor did the Fielding J. Stilson Company make any direction or request that the

moneys collected on account of the judgment which was based upon the note which it had assigned to the Fairbanks-Morse Company as collateral security for the note made directly to the corporation be applied to the payment and satisfaction of the Fairbanks-Morse Company judgment. Accordingly the plaintiff, as these several amounts were collected from the stockholders with whom he settled, applied the same equally on account of the two judgments held by him. The foregoing facts were all found by the court upon the trial of this action and were based upon sufficient proofs. In addition thereto, evidence was offered on behalf of the defendants, from which the court made a further finding to the effect that at the time the Fielding J. Stilson Company extended the credit to the Oleum Development Company for which the note to it was given, it was fully aware of the transactions regarding the original issue of the capital stock of the Clark Copper Company, as above set forth, and knew that the stock issued by it in the course of said transaction was issued as fully paid-up stock, and knew that at the time of its issuance in payment for said unpatented mining claims they were not worth in excess of $29,333, and "that said Fielding J. Stilson Company did not give credit to the Oleum Development Company upon the assumption that its stock issued as fully paid-up stock had been paid for in property equal in cash value to the par value of the stock issued therefor, or upon the assumption that said Oleum Development Company had received for the whole issue of its capital stock aught other than six undeveloped unpatented mining claims of a value not exceeding $29,333; that said Fielding J. Stilson Company knew that the defendants bought said Oleum Development Company stock as fully paid-up stock." As a conclusion of law from the foregoing findings of fact the court found:

"That plaintiff herein is not entitled to recover from the defendants any sum or sums upon their liability as such stockholders to the said Oleum Development Company, under his said judgment recovered in cause No. 92,740, for the reason that the said Fielding J. Stilson Company, a corporation, did not extend credit to the said Oleum Development Company, a corporation, in reliance upon the assumption that full par value had been received by the said last-named corporation for the stock it had issued as fully paid.

"That plaintiff herein, as judgment creditor under causes No. 92,740 and 92,741 did not have the right to apply any portion of said sum of eleven thousand six hundred seventy-six and 95/100 dollars ($11,676.95) collected as above stated, upon the amount due under the judgment obtained in cause No. 92,740, and that said plaintiff did not have the right to direct his said attorneys to make application of any portion of said sum so collected in satisfaction of the judgment obtained in said cause No. 92,740, for the reason, firstly, that he was not entitled to recover against the stockholders under said judgment, and, secondly, that the relation of debtor and creditor does not exist between defendant stockholders of a corporation and a judgment creditor thereof in an action to enforce the payment by such creditor of the unpaid balance due upon the par value of the capital stock from such stockholders to such corporation, the right to make application by a creditor existing only where such relation exists; and the court further concludes that, because the amount so collected as above exceeds the amount due to plaintiff under his judgment in cause No. 92,741, plaintiff is not entitled to recover anything in this action from said defendants, and judgment is accordingly ordered to be entered herein in favor of said defendants and against plaintiff for their costs."

Upon the basis of these findings and conclusions of law the court rendered judgment in favor of the defendants.

The appellant makes two points upon appeal from this judgment, neither of which, we think, can be sustained. The first of these is that as to the so-called Stilson note and·judgment the fact that the Fielding J. Stilson Company, at the time it extended credit to and took the note of the Oleum Development Company, was fully aware of the transactions through which the corporation had caused to be issued the large portion of its capital stock as fully paid-up stock for a consideration in property and value amounting to less than one-third in value of the par value of its stock heretofore issued, was insufficient to justify a conclusion of law that the plaintiff was not entitled to recover on the Stilson note and judgment, anything from these defendants upon their stockholders' liability for the unpaid portion of their subscription. It may not be questioned that as a general rule the law is well settled in this state that when at the inception of its enterprise a corporation issues its stock for a consideration in

money or property of admitted value less than the par value of such stock, the subscribers to such stock giving such consideration are liable to the corporation and to its creditors for the unpaid portion of the subscription. (*Vermont Marble Co.* v. *Declez etc. Co.,* 135 Cal. 579, [87 Am. St. Rep. 143, 56 L. R. A. 728, 67 Pac. 1057]; *Herron* v. *Shaw,* 165 Cal. 668, [Ann. Cas. 1915A, 1265, 133 Pac. 488]; *J. F. Lucey Co.* v. *McMullen, ante,* p. 425, [173 Pac. 1000].) The basis of this doctrine, as is well stated in the case of *Herron* v. *Shaw, supra,* is that credit is given in reliance on the presumption that full par value has been received by the corporation for the stock it has issued as fully paid. Where, however, it appears, as it does in this case, from the pleadings, the uncontradicted proofs, and the clear and positive findings of the court that the particular creditor at the time the credit was given extended the credit with full knowledge of the difference between the par value of the stock and the value of the property received for it, an exception to the rule exists. This exception and the reason for it is well stated in 4 Thompson on Corporations, second edition, section 3983, as follows: "On principle and authority, a creditor who deals with the corporation with full knowledge of the manner in which its shares have been paid for, is not defrauded by the taking of overvalued property as payment of stock, and is estopped to raise that question." And in Morawetz on Private Corporations, section 829, the rule is stated as follows: "So if the capital of a corporation was declared to be fully paid up in consideration of specific property of less value than the amount of the capital, a person who should voluntarily deal with the company knowing the character and value of the property so transferred to the company, would have no claim upon the shareholders for any further contribution of capital. By voluntarily dealing with the company under the circumstances, he must be deemed to have consented to the existing arrangement, the company and its shareholders having offered to contract only upon these terms."

In 10 Cyc. 478, title "Corporations," the author, in discussing this matter, says: "On whatever theory the conclusion is based, the rule seems to be that those who extend credit to the corporation with full knowledge of the manner in which its shares have been paid for, if at all, cannot charge its shareholders with any such difference between real value and

fictitious value in case of payment in property." (See, also, *Finletter* v. *Appleton,* 195 Pa. St. 349, [45 Atl. 1063] ; *Deadwood etc. Bank* v. *Gustin Minerva Con. Min. Co.,* 42 Minn. 327, [18 Am. St. Rep. 510, 6 L. R. A. 676, 44 N. W. 198] ; *Easton Nat. Bank* v. *American Brick & Tile Co.,* 70 N. J. Eq. 732, [10 Ann. Cas. 84, 8 L. R. A. (N. S.) 271, 64 Atl. 917] ; *Adamant Mfg. Co.* v. *Wallace,* 16 Wash. 614, [48 Pac. 415] ; *Lea* v. *Iron etc. Co.,* 119 Ala. 271, [24 South. 28].) It would thus seem that the foregoing exception to the general rule regarding the liability of stockholders for their unpaid subscriptions must be given full application to the case at bar. It follows that the Fielding J. Stilson Company had no right of recourse upon the stockholders of the Oleum Development Company; therefore, that the plaintiff as the transferee of their note after maturity had no such right of recovery. This brings us to the second point made by appellant wherein it is contended that the trial court erred in refusing to approve the plaintiff's effort to apply the moneys received by him from those stockholders who settled with him on account of their alleged liability for unpaid subscriptions, equally to both of the judgments upon which this action was predicated. The total amount so received by plaintiff on account of his claim against said stockholders for their unpaid subscriptions was the sum of $11,676.95, which would have more than sufficed, had it all been applied to the Fairbanks-Morse judgment, to have fully satisfied the same; that it should have been so applied seems incontrovertible in view of our above conclusion that the holders of the Stilson note and of the judgment based thereon had no right of recovery against any of the stockholders of the Oleum Development Company on account of their unpaid subscriptions. Having no such right of action, the plaintiff could have had no right of direction of any sums paid by such stockholders to the payment of an obligation for which they were not liable, but was bound to apply the whole of such sums so received to the settlement of the obligation and judgment upon which they were liable, namely, upon the Fairbanks-Morse judgment. The court, therefore, rightly directed that such application of all of the sums so received by the plaintiff should be made; and since the effect of such application would be to fully pay the amount of said last-named judgment, and since, as we have already seen, the respondents herein were not liable upon the

indebtedness of the corporation evidenced by the Stilson judgment, it follows that the conclusion of the trial court that the plaintiff was not entitled to recover upon either judgment was correct.

Judgment affirmed.

Shaw, J., and Sloss, J., concurred.