### KOUNTZE v. BLOCHMAN et al.

(Circuit Court of Appeals, Ninth Circuit. December 11, 1922.)

No. 3875.

1. Corporations ⟨⟩228—Trust fund doctrine as to unpaid stock will not be applied, where result would be inequitable.

The rule that the subscribed and unpaid stock of an insolvent corporation becomes a trust fund for payment of creditors is not an inflexible one, and will not be applied in a case where the result would be inequitable.

2. Corporations ⟨⟩228—Stockholders held not required to contribute to payment of debt of insolvent corporation.

A corporation purchased a tract of land, which it laid out in lots, giving a purchase-money mortgage. Defendants furnished money to the corporation, which was applied on the mortgage, receiving therefor certain lots worth one-half the amount and also full-paid shares of preferred stock of the corporation, which was worthless. The seller received in cash over one-third of the purchase price, and through foreclosure reacquired nine-tenths of the property sold. Held, that it had no standing in equity to require defendants to pay par value of the stock so acquired by them in good faith, to be applied on a deficiency judgment obtained against the insolvent corporation.

3. Corporations ⟨⟩99(1), 228—Under California law, one receiving stock as a bonus not a subscriber, and not required to contribute on insolvency.

Under the law of California (Civ. Code Cal. § 359), one receiving stock of a corporation as a bonus is not a subscriber, and cannot be required to contribute on insolvency of the corporation.

4. Corporations ⟨⟩240(1)—Liability of stockholder on insolvency limited to creditors defrauded, where stockholder not liable to corporation.

Where a stockholder is under no liability to the corporation for unpaid subscription, on its insolvency he is liable only to those creditors who have been defrauded by reason of the original transaction wherein the stock was issued.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit in equity by Charles T. Kountze against Lucien A. Blochman, James E. Wadham, and Ed A. Sears, as statutory trustees of La Binda Park Syndicate, and others. Decree for defendants, and complainant appeals. Affirmed.

The United Real Estate & Trust Company, a Nebraska corporation, owned 40 acres of land within the city limits of San Diego, Cal. It agreed to sell the same to one Blochman for $150,000, of which $25,000 was paid, and the land was conveyed to a trust company, to be held and disposed of pursuant to a trust agreement. The agreement provided that Blochman should pay to the trust company the remainder of the purchase price in installments of $25,000 each, and that in default of payment of any thereof the whole unpaid purchase price might be declared at once due and payable. The instrument further provided that the tract might be subdivided into lots and sold by Blochman, upon his payment to the trustee of $1,000 for each inside lot and $1,200 for each corner lot, and that thereupon the trustee should execute deeds to the purchasers. The payments so made were to be credited upon the first maturing installment of the purchase price of the original tract. The La Binda Park Syndicate was a corporation organized for the purpose of acquiring Blochman's interest in said trust agreement. Its capital stock was 3,000 shares, of the par value of $100 each. One thousand of the shares were made preferred stock. The Syndicate purchased Blochman's interest and assumed payment of the unpaid purchase price of the tract. In payment for his interest Blochman received all of the common stock and 300 shares of the preferred stock. In order to meet the installment due on May 1, 1913, the Syndicate unsuccessfully offered for sale 700 shares of its preferred stock. There was default in the payment of that installment and of the interest then due. Notice was served on Blochman, declaring the whole unpaid purchase price to be due. Blochman obtained an extension of time, and the Syndicate made the payment on June 30, 1913. Thereupon the trustee telegraphed to the Nebraska corporation: "Collected payment from Blochman." Thereafter the Nebraska corporation dealt only with the Syndicate.

In order to make the payment of June 30, the Syndicate obtained from the appellees, Haskins and the Kiblers, each the sum of $5,000, for which it caused to be conveyed to said appellees title to 5 lots each, and in addition it transferred to Haskins 50 shares and to the Kiblers 50 shares of the preferred stock. The installment which fell due on November 1, 1913, was not paid, and for default the Nebraska corporation foreclosed. On the foreclosure, it obtained title to all but 30 of the 284 lots into which the tract had been divided. It obtained a deficiency judgment against Blochman and the Syndicate for $69,173.11. The appellant brought suit, as the assignee of the Nebraska corporation, to compel the appellees to pay the par value of their stock in the Syndicate corporation, to satisfy the claim of the appellant as creditor of that corporation. The court below, on the evidence, held that the money so paid by Haskins and the Kiblers was paid as the purchase price of the lots, and not as purchase price of stock; that there was no fraud involved in the transaction between them and the Syndicate; that it was a bona fide effort, made in extremis, to save the only property of an insolvent corporation from complete loss.

A. Haines and Charles C. Haines, both of San Diego, Cal., for appellant.

Jas. G. Pfanstiel and Theron Stevens, both of San Diego, Cal., for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The appellees desired to obtain the agency to sell the lots which were laid out by the Syndicate. It was for that reason that they made their

purchase of the lots and stock. They refused to purchase stock, but were willing to take the lots, together with the stock, on condition that they got clear title to both. The rule that the subscribed and unpaid stock of an insolvent corporation becomes a trust fund for the payment of the claims of creditors is not an inflexible one. It has its exceptions. It will not be applied in a case where the result will be inequitable. It will be relaxed where its operation would result in injustice. Clark v. Bever, 139 U. S. 113, 11 Sup. Ct. 468, 35 L. Ed. 88.

[2] We think that the court below properly held that, as between the appellant and the appellees, the equities of the latter prevail. The appellant has reacquired title to nine-tenths of the real estate which it contracted to sell for $150,000, and it has received in addition thereto, as cash payments on the contract, $56,135.82, in which is included the $10,000 so paid by the appellees. There can be no question under the evidence but that the stock was valueless, and that the fair value of the lots, at the time of the purchase thereof and ever since, was not more than one-half the sum which the appellees paid. That sum was paid for the reason, as all parties to the transaction knew, that under the trust agreement the trust company was forbidden to sell the lots for less than $1,000 each. The purchase was made for the purpose of contributing funds to pay the overdue installment of the purchase price of the tract. The appellant brought his suit on the theory that no payment had been made on account of the stock, and he demanded judgment in a sum equal to the par value of the stock.

[3] It is obvious that the money so paid by the appellees was either the purchase price of the lots, or the purchase price of the stock, or it was both. If it was the purchase price of the stock, it results that the stock was paid up, and there can be no demand on the appellees for unpaid subscription. If it was paid for the lots, and the stock was merely a bonus, then under the law of California there was no valid subscription of stock, and the subscription was void. Kellerman v. Maier, 116 Cal. 416, 48 Pac. 377.

[4] The most that the appellant can claim is that, inasmuch as the sum so paid by the appellees for the lots and stock was twice the value of the lots, the consideration should be apportioned equally to the lots and stock, with the result that the appellant's assignor received $5,000 for the lots and $5,000 for the stock. It is undisputed that the shares of stock were issued to the appellees as fully paid, and there remained nothing due thereon to the Syndicate. It follows that the Syndicate, as between itself and the appellees, had no right of recourse against the latter. The appellant's assignor at no time extended credit to the Syndicate, and consequently it extended no credit on the strength of the appellee's subscription to the stock of the Syndicate. Such being the case, under the settled rule of liability of stockholders as established by the Supreme Court of California, the appellees are absolved from liability to the appellant. In Rhode v. Dock-Hop Co., 184 Cal. 367, 194 Pac. 11, 12 A. L. R. 437, it was held that in such a case the stockholder is under no obligation to the corporation for unpaid subscription of stock, and that he is liable only to those creditors who have been defrauded by reason of the original transaction wherein the stock was

issued for a fictitious consideration. See, also, Rickerson Roller-Mill Co. v. Farrell Foundry & Machine Co., 75 Fed. 554, 23 C. C. A. 302; Handley v. Stutz, 139 U. S. 417, 11 Sup. Ct. 530, 35 L. Ed. 227.

The proofs sustain the finding of the court below that there was no fraud upon the part of the appellees, or upon the part of the Syndicate, and there is nothing in the record to show that creditors of the Syndicate have been injured, or that they have suffered loss by reason of the issuance of the stock, or that the stock ever had any actual value, and there is nothing in the record to impugn the good faith of the appellees in acquiring title to the lots and stock as they did. Clark v. Bever, supra; Fogg v. Blair, 139 U. S. 118, 11 Sup. Ct. 476, 35 L. Ed. 104; Lucey Co. v. McMullen, 178 Cal. 425, 173 Pac. 1000.

The decree is affirmed.