THE RESCUE.

(District Court, E. D. Pennsylvania.　May 30, 1902.)

**1. SEAMEN—EMPLOYMENT AT MONTHLY WAGES—RIGHT TO DISCHARGE.**

In the absence of proof of any settled usage or custom of the port, an engineer employed for a vessel at a certain rate of wages per month, without any specified term of service, may be discharged at any time, either during or at the end of a month, without previous notice, and can recover wages only for the time actually served.

In Admiralty.　Suit for wages.

Joseph Hill Brinton, for libelant.

Horace L. Cheyney and Francis C. Adler, for respondent.

J. B. McPHERSON, District Judge.　The libelant is seeking to recover a balance of wages alleged to be due for services rendered to the tug Rescue as chief engineer during certain months of the year 1899.　He was hired by the agent of the owner in July, 1898, at the rate of $75 per month, but no term of service was specified; he was simply directed to report for duty at the monthly rate of $75. About the middle of July, 1899, the tug was laid up for repairs, and all hands were discharged.　The libelant accepted his wages up to the day of his discharge, without any claim that he was entitled to be paid for the whole month.　Upon the same day he was re-employed by the owner to superintend the repairs, and it was agreed that he should be paid the same wages he had been receiving.　On September 20th he was discharged, and for the purposes of this case I shall assume that the discharge was not for cause.　The respondent admits that there was due him at that time $88.70, and it is agreed that this sum was tendered to him before suit was begun, and is to be treated as if paid into the registry of the court.　He refused the money on the ground that he ought to have been paid $113.70, or at the rate of $75 up to the last day of the month, his contention being, that he was employed by the month, and that, as he himself could not leave the service before the end of that period without forfeiting his wages, his employer was bound to pay him for a full month if he should be discharged without cause before the last day.　Some effort was made to prove a custom of the port binding the owner to make payment in the manner contended for by the libelant, but, in my opinion, the effort was not successful. There being, therefore, no such custom, I think the question must be decided against the libelant.　The subject is satisfactorily discussed by Judge Morris, of the district court of Maryland, in The Pacific, 18 Fed. 703, in which the facts are identical with the facts now before the court.　It was there decided that, in the absence of proof of any settled usage, an engineer employed at a certain rate per month could be discharged at any time without previous notice, and could recover only for the time actually served.　I need not repeat the reasoning of the opinion, but shall content myself with saying that to my mind it is convincing.　The libelant has referred to The Hudson, Olc. 396, Fed. Cas. No. 6,831, in which Judge Betts, of the district court for the Southern district of New York, seems

to come to a different conclusion. There are some differences between the facts of the two cases, but I shall not attempt to distinguish them. Assuming them to be in irreconcilable conflict, I find the reasoning of Judge Morris more satisfactory, and therefore prefer to follow it.

A decree may be entered dismissing the libel, at the costs of the libelant.