BIGGERS *v.* JOHNSON.

Opinion delivered December 23, 1912.

CONTRACT FOR SALE OF PERSONAL PROPERTY.—There can be no sale of personal property while the price is undetermined, or when the parties have not agreed upon some means or standard, the application of which to the facts of their transaction will determine the amount to be paid without further negotiations in regard to price.

Appeal from Randolph Circuit Court; *John W. Meeks,* Judge; affirmed.

*Witt & Schoonover* and *S. A. D. Eaton,* for appellants.

*T. W. Campbell,* for appellee.

SMITH, J. Appellants instituted this action in the court of a justice of the peace for Randolph County against J. W. Carter, alleging that appellants, who are merchants in the town of Biggers in said county, and who owned extensive areas of farming land adjacent to said town, arranged with one J. M. Hawks, a cotton buyer of Reyno, Ark., for the benefit of their tenants, of whom the said Carter was one, whereby the tenants of appellants were to receive five and one-fourth cents per pound for their seed cotton; that this price was a quarter of a cent above the prevailing market price at that time; that said Carter took advantage of that agreement between appellant and the said Hawks and delivered 1,120 pounds of cotton at the gin of the said Hawks and received therefor a "scale check or ticket," reciting the quantity. of, and the price allowed for, said cotton, and took said ticket to appellants, who cashed same for said Carter after deducting the amount due them as rent; that appellants took said ticket or check, together with other similar ones received from other parties, and presented them to the said Hawks for payment, who issued his check for a lump amount, but Hawks became a bankrupt, and the check was not paid. Ap-

pellants further allege that in the entire transaction they were acting solely as the agents of their said tenants, and not in their individual capacity.

The defendant Carter answered, denying that appellants had acted as his agent in the transaction, and alleging that he had sold the cotton direct to appellants.

The issues as thus made up were submitted to a jury and there was a verdict for the defendant, and to reverse the judgment pronounced thereon this appeal is prosecuted. Before the trial in the circuit court, the death of Carter was suggested and admitted, and the cause revived in the name of Joe H. Johnson, as administrator of his estate.

It is conceded by appellants that this case presents only a question of fact, and that question is, whether or not there was any issue of fact to be submitted to the jury under the evidence in the case.

A witness, Luke West, testified that he was the bookkeeper at the gin when Carter brought his cotton there, and that he had a ticket, showing the weight of the cotton, and when the witness West began to calculate the amount due on the cotton at five cents per pound, Carter objected to the price and refused to accept it, saying that he was a tenant of Biggers, and was entitled to an extra quarter of a cent above the price being paid others. The witness West looked over the list of tenants furnished him by Biggers and found that it did not contain the name of Carter, whereupon witness refused to pay the price demanded and Carter took his ticket, showing the weight of his load of cotton, to Biggers who settled with Carter for the cotton at the price of five and one-fourth cents per pound, and at the time this was done there was no showing that he was acting for Hawks.

Under these circumstances the jury was warranted in finding that there was no sale to Hawks for the reason that the price was never agreed upon between Carter and the agent of Hawks. And there can be no sale while the price is undetermined, or where the parties have not agreed upon some means or standard, the application of which to the facts of their transaction, will determine the amount to be paid without further negotiations in regard to price. *Priest* v. *Hodges,* 90 Ark. 131. We can not say this evidence is insufficient to

support the finding of the jury, that Carter did not sell to Hawks, but did in fact sell to appellant.

Moreover, it appears that Hawks and Biggers had extensive dealings, and that Hawks did not become a bankrupt until three weeks after this transaction, during all of which time Hawks continued to operate his cotton-buying business and to have dealings with appellants, and there is doubt as to whether the check, offered in evidence, which was given by Hawks to appellants for cotton included Carter's cotton. This check was protested for nonpayment, and was offered in evidence to show that appellant had not been paid by Hawks for this cotton. But, if this check did not include this cotton, and if in fact Biggers had received his money in other checks from Hawks, then, of course, appellant would have no right to maintain this suit, whether the sale was to Hawks or not. Such may not have been the fact, but this issue was in the case and we can not say there was no evidence to support that finding by the jury.

The judgment of the court is accordingly affirmed.