# National Life Insurance Co. of U. S. *v.* Ferguson.

## *Assumpsit.*

### (Decided October 14, 1915.　69 South. 823.)

1. *Master and Servant; Employment; Contract; Construction.*— Where services are rendered under an offer of a stipulated sum per week or month without specifying the duration of the employment, the contract may be terminated by either party at the end of any unit period.

2. *Same.*—Where defendant wrote plaintiff that if he desired to come to work with defendant he would receive $150 per month salary for several weeks' work at Chicago, until such a time as some other point required his services, and that it was understood that he would take such territory at a salary of $25 per week and 5% commission on premiums collected, and plaintiff finished his work at Chicago, and then began his new employment, receiving $35 per week in lieu of salary and commissions, the contract was a hiring by the week, and could be terminated at the end of any week.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Assumpsit by E. S. Ferguson against the National Life Insurance Company of the United States of America. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Transferred from the Court of Appeals under section 6, Acts 1911, p. 449.

The defendant offered plaintiff, then in Michigan, employment as shown by the following letter, dated August 13, 1913: "If you want to come to work for us, we will give you $150 per month salary for several weeks work at Chicago, if necessary for this long, until such a time as Atlanta or some other point requires your services. It is understood that when you take a certain territory you are to receive a salary of $25 per week and 5% on your premiums collected on the business you handle —the company to furnish an office and stenographer. You are also to keep yourself in readiness to do some special work adjacent to the point at which you are located. For this class of work you are to receive your traveling expenses in addition to the above salary. We are in hopes that Atlanta will be in shape for you to go to work there within a week or two. There is possibly a month's work at the present time handling bad claims throughout certain sections of the South which must be done by personal interview in addition to the above, if Atlanta does not materialize. In fact, we can keep you busy right along on this class of work, if we are delayed in getting the proper territory for you to work in.

"C. H. Boyer, Mgr., Casualty Dept."

Plaintiff accepted the offer, and went to work in Chicago on August 16, 1913, and worked (presumably) several weeks in and around Chicago, and then came to Birmingham, Ala., under the direction of Manager Boyer, and worked for defendant as traveling adjuster in the Birmingham district until his discharge, without cause on February 7th, 1914. Plaintiff declined to accept his discharge until February 16th, which he claimed as the termination of his employment by the month.

GEORGE E. BUSH, for appellant.

R. H. THACH, for appellee.

SOMERVILLE, J.—(1) When services are rendered under an offer to pay for them at so much per week or month, without specifying the duration of the employment, the employment is terminable by either party at the end of any unit period; and the beginning of each new unit period necessarily postpones the right to terminate until the end of that period.—*Clark v. Ryan,* 95 Ala. 406, 11 South. 22.

(2) The only question in this case is whether the plaintiff was working for the defendant by the month or by the week. If by the month, he was entitled to pay for nine days additional after his discharge on February 7th. If by the week, he was entitled to no pay after that date.

We think a fair construction of the epistolary offer under which plaintiff went to work for defendant is that he was to receive a salary of $150 a month only for work done in Chicago, and $25 a week and 5 per cent. commissions for regular business done in any territory assigned to him. Nothing was said about the work of "traveling adjuster," and it seems reasonably clear that this service and its compensation of $35 a week, which was never paid monthly nor on any monthly basis, was a new contract between the parties, wherein $10 a week additional was allowed in lieu of the commissions promised for procuring new business. Had plaintiff been working by the month for a salary of $150, he would have earned less than $35 a week, as a simple calculation will show. He would also have been entitled to compensation for ten days additional after his discharge, whereas he claims only for a week additional.

All the implications of law and fact arising from the meager evidence exhibited by the record lead to the conclusion that plaintiff's employment was by the week, rather than by the month, and it follows that his discharge on February 7th was not a violation of his legal rights.

Let the judgment be reversed, and a judgment here rendered for the defendant.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.