[Civ. No. 2886. First Appellate District, Division Two.—October 10, 1919.]

DANTE NANNIZZI et al., Appellants, v. NATALE CAPRILE et al., Respondents.

[1] CORPORATIONS—STOCK SUBSCRIPTIONS—NECESSITY FOR PERMIT.—Under the Investment Companies Act, prior to the permit from the commissioner of corporations no valid subscription for the corporate stock can be made; and regardless of any attempt on the part of the incorporators to subscribe for stock in excess of the original qualifying shares, there can be no subscription for stock of the corporation.

[2] ID.—DISSOLUTION OF PARTNERSHIP—MERGER INTO CORPORATION—ISSUANCE OF PERMIT BY CORPORATION COMMISSIONER—VALIDITY OF AGREEMENT BETWEEN PARTNERS.—An agreement between partners that the partnership should be dissolved and its property merged with that of other partnerships engaged in the same line of business, in a consolidation under a corporation to be formed, and that the partners should receive respectively stock in the corporation at par, equivalent to their respective interests in the partnership, the members of each partnership as a group to receive such stock of equivalent value to the respective partnership contributions of property to the corporation assets, is a promoters' agreement, binding upon them and good as an offer to the corporation, to become binding on the corporation upon its lawful acceptance of

its benefits; and the fact that the commissioner of corporations might never grant his permission to the issuance of the corporate stock has no effect upon the validity of the partnership agreement for dissolution.

[3] CONTRACTS—SUBSEQUENT INABILITY OF PERFORMANCE—EFFECT OF.— A contract valid in its inception may become voidable or impossible of performance by the failure of a subsequent contingency, but if the contingency is one which may happen, the parties are bound by their contract until it can be determined it cannot be enforced.

[4] PARTNERSHIP—AGREEMENT FOR DISSOLUTION—BINDING EFFECT OF. In a suit to decree the dissolution of a partnership, in the absence of its inherent invalidity or facts which might enable one of the contracting parties to rescind it, the court cannot disregard the agreement for dissolution, but by its decree must enforce it; and in such a suit none of the partners can have the benefit of the agreement for dissolution and evade those of its provisions by which their respective rights in the partnership assets are determined.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edmund P. Mogan, Judge. Affirmed.

The facts are stated in the opinion of the court.

James M. Thomas for Appellants.

I. F. Chapman for Respondents.

BRITTAIN, J.—In a suit for partnership accounting, dissolution, sale, and distribution of the assets, it was adjudged there had been full accounting and dissolution. The appellants are satisfied with that portion of the judgment. Upon findings, supported by evidence, that the plaintiff partners had agreed with the defendant partners that the partnership should be dissolved and its property merged with that of other partnerships engaged in the same line of business, in a consolidation under a corporation to be formed, and that the partners should receive respectively stock in the corporation at par, equivalent to their respective interests in the partnership, the members of each partnership as a group

3. Effect of intervening impossibility to perform contract, notes, 14 L. R. A. 215; L. R. A. 1916F, 10.

to receive such stock of equivalent value to the respective
partnership contributions of property to the corporation as-
sets, and the further finding, that application had been made
in good faith to the commissioner of corporations for per-
mission to issue the stock in accordance with this agreement,
though the permit had not been granted at the time of the
judgment, the court determined that if the permit should
be granted the appellants would be entitled to their respec-
tive portions of the corporation stock. This part of the
judgment only is attacked by the plaintiffs on this appeal.

[1] On behalf of the appellants it is argued that, under
the Investment Companies Act, prior to the permit from the
commissioner of corporations no valid subscription for the
corporate stock can be made. This is true. It follows that,
regardless of any attempt on the part of the incorporators to
subscribe for stock in excess of the original qualifying shares,
there was no subscription for stock of the corporation. [2]
The agreement between the various partnerships was a valid
one. It was a promoters' agreement, binding upon them and
good as an offer to the corporation, to become binding on
the corporation upon its lawful acceptance of its benefits.
(*Scadder Flat G. M. Co.* v. *Scadden*, 121 Cal. 33, [53 Pac.
440]; *Garretson* v. *Pacific etc. Co.*, 146 Cal. 184, [79 Pac.
838].) The agreement of the partners for dissolution and
for the transmutation and distribution of its assets was also
valid. The fact that the commissioner of corporations might
never grant his permission to the issuance of the corporate
stock had no more effect upon the validity of the partner-
ship agreement for dissolution than would the subsequent
failure of the other promoters to organize the corporation.
[3] A contract valid in its inception may become voidable
or impossible of performance by the failure of a subsequent
contingency, but if the contingency is one which may happen,
the parties are bound by their contract until it can be deter-
mined it cannot be enforced. There are many familiar ap-
plications of this rule, one of the most common being where
parties contract for a sale of real estate, contingent upon an
attorney's approval of title. Such a contract is enforce-
able by either party until it is shown that the attorney will
not or cannot approve title. Neither party may evade the
obligations of the contract merely by showing that the at-
torney may refuse to approve the title. No showing of im-

possibility is made in this case, nor is there any showing which would have justified the court in this suit in disregarding the agreement of the partners concerning what they should have in lieu of their respective partnership interests.

The portion of the judgment appealed from simply determines that the plaintiffs shall receive stock in the corporation if the commissioner of corporations issues his permit. This was exactly what the appellants agreed they should have. It is contended that the judgment is informal in that it fails to determine what the appellants shall have in the event the commissioner of corporations shall refuse to issue the permit. There is no question in regard to the validity of the organization of the corporation. It cannot be presumed that the incorporators have been guilty of an overvaluation of the partnership assets transferred to the corporation, or of a violation of the law in any other respect. If they have obeyed the law, they will be entitled to the permit from the commissioner of corporations, and in that event the appellants will receive under the judgment what they agreed with their partners they should receive. [4] Under these circumstances the judgment, while informal, may be sustained upon either of two theories; first, that in a suit to decree the dissolution of a partnership, in the absence of its inherent invalidity or facts which might enable one of the contracting partners to rescind it, the court cannot disregard the agreement for dissolution, but by its decree must enforce it; and, secondly, that in such a suit none of the partners can have the benefit of the agreement for dissolution and evade those of its provisions by which their respective rights in the partnership assets are determined. If this decree in a suit in equity shall become impossible of enforcement by reason of the refusal of the commissioner of corporations to permit the carrying into effect the original agreement of the parties, there is no reason why their respective rights as they then exist may not be determined, but until it shall be made to appear that the appellants have been injured by the judgment from which the appeal is taken, it will not be reversed. On this appeal, since the judgment simply bound them to their prior agreement, in contemplation of law, they cannot be aggrieved by it.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 9, 1919.

All the Justices concurred, except Melvin, J., who was absent.