## WILSON v. HARBURNEY OIL CO. et al.

### No. 1470.

Circuit Court of Appeals, Tenth Circuit.

March 24, 1937.

Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, and C. H. Morris, all of Wichita, Kan., for appellant.

L. P. Brooks, of Wichita, Kan., for appellees.

Before PHILLIPS, and BRATTON, Circuit Judges, and JOHNSON, District Judge.

BRATTON, Circuit Judge.

H. J. Wilson complains because his claim submitted in a proceeding in bankruptcy was disallowed.

The Harburney Oil Company filed a voluntary petition under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207). It was approved and a trustee appointed. These facts were set forth in the claim with its attached exhibits: On January 18, 1934, claimant secured a mineral lease from Sophia Wendel and others—called the Wendel heirs—covering the east half of section 32, in township 19 south of range 10 west, in Rice county, Kan. By a written contract which accompanied the lease, he was required to begin drilling within a fixed time and to prosecute it diligently to the siliceous sand unless oil or gas in commercial quantities was found at a lesser depth. The lessors were to be paid $6,000 from one-fourth of the claimant's share of the first oil produced. Claimant and four others—Burton, Harris, Harvey, and Kors—thereafter entered into an undated contract which recited that they were jointly interested in the leasehold estate in the west half of the northeast quarter of section 32, each owning an undivided one-fifth interest therein. They bound themselves to cause a corporation to be organized under the laws of Kansas for the purpose of owning the lease and conducting developments. Each was to assign his interest in the lease to the corporation and to receive therefor a certificate or certificates equal to 20 per cent. of the total number of shares of the capital stock. It was provided that the corporation would begin drilling on or before July 20, 1934, and continue with diligence to the siliceous lime unless oil or gas in commercial quantities was found at a lesser depth; that it would comply in all respects with the Wendel contract, a copy of which was attached; that it would pay claimant $3,000 in cash and a further sum of $3,000 on or before the time the well reached a depth of 2,500 feet; and that it would pay a further sum of $10,000 from one-fourth of the first oil produced, $6,000 to the Wendel heirs and $4,000 to claimant. Claimant and his four associates, each owning an undivided one-fifth interest in oil and gas leases covering 400 acres of land, entered into mutually satisfactory adjustments and agreements in which claimant released and surrendered his interest in 320 acres of such leasehold estate, including that which was subsequently transferred to the corporation, and the other four released and transferred to him their interests in the remaining 80 acres. It was mutually understood in connection with such transfers that the obligation of the corporation and of the four associates to make the payments required by the terms of the original contract which claimant and his associates entered into should be unaffected. The corporation was formed and the lease covering the west half of the northeast quarter of section 32 was transferred to it. The transfer was subject to all of the obligations and liabilities contained in the contract between claimant and his four associates; and the corporation had knowledge of such facts at the time the transfer was made to it. The first $3,000 was paid to claimant before the corporation was formed; but subsequent to its formation and in recognition of the obligation, the corporation paid or caused to be paid $100 to claimant on the $3,000 which was due when the well reached a depth of 2,500 feet; and from time to time it paid $10,000 out of oil produced on the leased premises in accordance with the terms of such contract. Harvey, as promoter and president of the corporation, agreed and promised repeatedly to pay claimant the balance of $2,900 on the $3,000 obligation, but such payment was never made and the claim was for that amount.

The corporation and the trustee joined in an answer which challenged the sufficiency of the facts to constitute a valid claim, and further that the asserted claim was within the statute of frauds. The court entered an order disallowing the

claim because the facts alleged were not sufficient to state a cause of action. Claimant appealed.

The first question which the parties discuss in their briefs is whether the corporation was bound by the contract which the preorganization promoters executed. The challenge to the claim was in effect a demurrer and, therefore, all matters well pleaded were admitted. Fairly construed, the claim alleged that claimant and his four associates were preorganizers of the corporation; that their contract providing that the lease should be assigned to the corporation, was for the benefit of the corporation; that the lease was transferred subject to all of the obligations and liabilities contained in the agreement; that the corporation developed the premises; that in recognition of its obligation under the contract, the corporation paid $10,000 out of oil produced, of which $6,000 went to the Wendel heirs and $4,000 to claimant; and that it has paid or caused to be paid $100 on the item of $3,000. It is the balance of that item for which the claim is made. A corporation may expressly or impliedly assume the obligations of a contract which its promoters made for its benefit prior to the date of its organization; and any unequivocal act of recognition will suffice for that purpose. Here the corporation accepted the lease with knowledge that it was assigned subject to the obligations and liabilities contained in the agreement, developed the premises, and disbursed money in discharge of provisions in the contract. That clearly constituted recognition and rendered the corporation liable for its obligations fixed by the contract. Boatright v. Steinite Radio Corporation (C.C.A.) 46 F.(2d) 385; Kirkup v. Anaconda Amusement Co., 59 Mont. 469, 197 P. 1005, 17 A.L.R. 441 and notes.

It is urged that the promoters did not undertake in their contract to bind the corporation to make such payments; that, instead, they provided that the corporation would contract and agree to make them. That is a strained and untenable construction of the instrument. Its plain purport and effect was to fix the respective sums, specify the time and manner of their payment, and provide that the corporation should make them. A new and independent contract in which the corporation should bind itself to make them was not contemplated. It was provided that the parties should cause the corporation to adopt and ratify the obligations and benefits of the contract by proper acts of its directors and stockholders; but acceptance of the lease with knowledge of the facts, development of the premises and disbursements of money under the terms of the contract constituted a binding ratification.

The second question to which the parties address themselves relates to the applicability of the statute of frauds in Kansas, which provides in familiar language that no action shall be brought to charge a party upon any special promise to answer for the debt, default or miscarriage of another, unless some agreement or memorandum thereof is in writing and signed by the party to be charged. Section 33—106, Revised Statutes Kan.1923. The statute is confined to a promise of one person to answer for the debt of another. Here the sums fixed in the contract represented a part of the consideration for the lease. The corporation was to acquire the lease, own the estate, develop it, and enjoy the profits after making such payments. It was the real party in interest, the actual beneficiary. Although the obligation was in form that of the promoters or preorganizers, it was in fact that of the corporation. The corporation had an immediate, personal, and pecuniary interest to be subserved in the transaction. For that reason the statute has no application. Emerson v. Slater, 22 How. 28, 43, 16 L. Ed. 360; Davis v. Patrick, 141 U.S. 479, 12 S.Ct. 58, 35 L.Ed. 826; Gotham Nat. Bank v. Sharood (C.C.A.) 23 F.(2d) 567; Charles Broadway Rouss, Inc. v. Cooper (C.C.A.) 69 F.(2d) 671; Wright v. Farmers' Nat. Grain Corporation (C.C.A.) 74 F.(2d) 425; Schufeldt v. Smith, 139 Mo. 367, 40 S.W. 887.

The order is reversed, and the cause is remanded with direction to hear the claim on its merits.