ISIDORE MEYERSON, Appellant, v. FRANKLIN KNITTING MILLS, Respondent.

First Department, December 6, 1918.

**Contract — agreement by knitting company to sell stock in clothing company to plaintiff and to furnish said clothing company with credit and goods construed — action for breach — corporations — plaintiff not suing as stockholder to recover damages to his stock.**

Plaintiff desiring to purchase the capital stock in a clothing company held by the defendant, a knitting company, it was agreed that the defendant sell said shares to the plaintiff and relinquish its claims against the clothing company as a creditor; that the plaintiff should pay for the stock and such release of claims; that defendant should extend credit to the clothing company, and should sell to it cloth at certain prices and of certain quality.

Complaint in an action for damages, alleging breach of the agreement in failing to supply the clothing company with credit and goods, examined and *held*, to state a cause of action.

The plaintiff is not, under the circumstances, suing as a stockholder of the clothing company to recover damages to his stock by virtue of the breach of contract between the clothing company and the defendant.

APPEAL by the plaintiff, Isidore Meyerson, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of May, 1918, granting defendant's motion for judgment on the pleadings, consisting of a complaint and the demurrer thereto, and sustaining the demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action.

*Clarence E. Mundy* of counsel [*Herzfeld & Sweedler,* attorneys], for the appellant.

*Otto C. Sommerich* of counsel [*Maxwell C. Katz* with him on the brief; *Katz & Sommerich,* attorneys], for the respondent.

SHEARN, J.:

The action is based upon a written contract and the determination of the appeal turns upon a proper construction of the agreement. The contract recites that the parties are interested in the Smart Set Specialty Clothing Company, Inc., a domestic corporation, as sole stockholders and as creditors; that the clothing company's business is manufacturing clothing from knit cloth manufactured by the defendant; that the defendant desires to continue selling to the clothing company, and that the plaintiff desires to purchase the defendant's capital stock in the clothing company. Accordingly it was agreed that the defendant sell its shares in the clothing company to the plaintiff and relinquish its claims against the clothing company as creditor; that the plaintiff should pay for the stock and such release $10,000, $1,000 of which was paid on the execution of the contract. As a part of the consideration the defendant agreed to extend credit to the clothing company in a specified amount for a period of five years. So far, it will be seen that the contract is a simple one, and a complaint properly setting forth its breach and damage would be proof against demurrer. The only complication arises out of the fact that in the subsequent clauses of the contract provision is made governing the sale of defendant's cloth to the clothing company, and amounts and prices, shades, discounts, etc., are stipulated just as would be the case in an ordinary contract of purchase and sale between the clothing company and the

defendant; and, further, that the clothing company executed an annexed agreement ratifying the main contract and agreeing to be bound by its provisions. This has given rise to the defendant's contention that plaintiff is, as a stockholder, suing for damage resulting from a breach of defendant's contract with the clothing company. It was entirely natural under the circumstances, where the plaintiff was becoming the sole owner of the clothing company's stock and the terms of sale required credit to be extended to the clothing company and provided for the sale of goods to the clothing company, that the prices at which goods were to be furnished should be stated and all the terms made clear. These provisions served the double purpose of insuring that the clothing company should have materials and that the defendant might rely on having the clothing company continue as a customer for its output.

The breach alleged is, not only the defendant's failure to extend credit as agreed, but that the defendant refused to supply goods to the clothing company as provided in the contract, that such goods as it did supply were of inferior grade and defective, and that by reason of the premises the clothing company was unable to secure merchandise necessary to transact business or to fill orders, in consequence of which the stock purchased by the plaintiff was rendered practically worthless. The learned Special Term was of the opinion that plaintiff was suing as a stockholder of the clothing company to recover damage to his stock by virtue of the breach of contract between the clothing company and the defendant, which of course would not be permissible. We do not so view the case. It seems plain to us that, while the clothing company may have a cause of action against the defendant growing out of the failure to supply it with cloth as contracted for, the plaintiff is suing for damages sustained by him through defendant's breach of its contract to sell him stock. What plaintiff bought was shares of stock owned by the defendant. His agreement to pay $10,000 was not based upon defendant's mere promise to turn the stock over to him. It was not the mere paper shares that plaintiff wanted, but shares that would be valuable as representing an interest in a going concern which the defendant undertook to supply with credit and with goods.

Defendant did not fulfill its contract with plaintiff merely by delivering to him the shares. The most material part of its undertaking was to supply the clothing company, which was in effect being bought by the plaintiff, with credit and goods. The breach of this covenant gave plaintiff a cause of action which, we think, is well pleaded.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the demurrer overruled, with leave to plead over upon the usual terms.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendant to withdraw demurrer and to answer on payment of said costs.