SMART SET SPECIALTY CLOTHING COMPANY, INC., Respondent, *v.* FRANKLIN KNITTING MILLS, Appellant.

First Department, March 5, 1920.

Sales — action by corporation for breach of contract between defendant and stockholder of plaintiff for sale and delivery of goods — effect of prior action by stockholder of plaintiff to recover for same breaches of contract.

In an action by a corporation engaged in manufacturing garments from knit goods of the kind manufactured by the defendant, it was alleged: *First*, that defendant and one M., the controlling stockholder of the plaintiff, made an agreement for the benefit of the plaintiff, under which it was contemplated that the plaintiff would manufacture garments exclusively from merchandise bought of the defendant; that the defendant has refused to comply with and has repudiated the contract; *second*, that the goods delivered by the defendant were not of a merchantable quality. Said agreement reciting that the parties were interested in the plaintiff as stockholders and creditors was agreed to by the wife of M., also a stockholder of the plaintiff and was also ratified and confirmed by the plaintiff and by all of its stockholders and directors. Prior to the commencement of this action, a complaint in an action by M. in his individual right against the defendant alleging the same breaches of the contract set forth herein, and those only, but basing his damages on the diminution in the value of his stock, was sustained by this court.

*Held*, that in view of the former decision, the complaint in this action cannot be sustained, for to hold that the defendant incurred separate obligations to M. and to the plaintiff for the breaches of the contract with respect to the delivery of the goods, would necessarily result in a double recovery of damages.

There is not a joint liability to the plaintiff and to M. for damages for the alleged breaches of the contract, for the obligations incurred by the defendant were necessarily either to M. or to the plaintiff and not to both.

Appeal by the defendant, Franklin Knitting Mills, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of May, 1919, overruling the defendant's demurrer to the complaint and granting plaintiff's motion for judgment on the pleadings.

*Otto C. Sommerich* of counsel [*Maxwell C. Katz* with him on the brief; *Katz & Sommerich,* attorneys], for the appellant.

*Charles Goldzier* of counsel [*House, Grossman & Vorhaus,* attorneys], for the respondent.

Laughlin, J.:

The complaint contains two counts.   In the first it is alleged that the plaintiff is a domestic corporation engaged in manufacturing garments from knit goods of the kind manufactured by the defendant, which is also a domestic corporation; that on the 17th of January, 1917, defendant and one Isidore Meyerson made an agreement for the benefit of the plaintiff, a copy of which is annexed to the complaint as Exhibit A; that it was contemplated by the parties thereto that the garments to be made by the plaintiff would be made exclusively of merchandise bought of the defendant; that the goods specified in paragraph 6 of the agreement have been duly ordered and delivery demanded by the plaintiff but have not been delivered by the defendant which has had ample time therefor and was able to make delivery thereof; that defendant has refused to comply with and has repudiated the contract; that the plaintiff and said Meyerson have duly performed the agreement on their part and that plaintiff has sustained damages in the premises in the sum of $5,000.   In the second count it is alleged that upon the execution of the contract plaintiff immediately began ordering goods thereunder but the defendant failed and refused to furnish them and delivered goods of such inferior quality and workmanship that they could not be used for the purpose intended which was well known to the defendant and thereby plaintiff was unable to fill its orders with its customers and the goods were returned to it by its customers on the grounds stated and the plaintiff has lost profits, customers,

orders and business; that immediately after the delivery of the goods plaintiff notified defendant of its breach of warranty as to their quality and that they could not be used and were not of merchantable quality and offered to return them and the defendant admitted that they were of inferior quality; that plaintiff and Meyerson have duly performed and defendant has refused to perform and has repudiated the agreement to plaintiff's damages in the sum of $5,000. Plaintiff demands judgment for the aggregate of both amounts, namely, $10,000.

The agreement, Exhibit A, was made January 17, 1917, between defendant and Meyerson. It recites that the parties were interested in the plaintiff as stockholders and creditors and that Meyerson was desirous of purchasing of defendant the common stock of the plaintiff and defendant was desirous of selling to plaintiff herein merchandise manufactured by it. The defendant agreed to assign forty shares of common stock of the plaintiff to Meyerson and to release any claims against the plaintiff; and Meyerson agreed to pay for the stock $10,000; $1,000 in cash and the balance in notes, indorsed by his wife, and the defendant agreed to take renewal notes with like indorsements and further renewals and it agreed to save Meyerson and his wife harmless from liability on the notes so long as they complied with the agreement. It was agreed that twenty-six shares of the stock should be deposited as security for the notes and for any amount owing from the plaintiff to the defendant for merchandise received from the defendant. By the 5th paragraph defendant agreed to extend to the plaintiff sixty days' credit from December 28, 1916, to the extent of $2,500 and that plaintiff should have a standing credit with defendant in that amount throughout the period covered by the contract which was five years or until the termination thereof as therein provided. By the 6th paragraph defendant agreed as soon as possible after receiving orders to deliver to the plaintiff on account knit cloth of specified shades and it was therein provided that plaintiff ordered and agreed to take from defendant and defendant agreed to deliver to it as soon as possible in the usual course of business specified quantities of goods at specified prices and defendant agreed to deliver to the plaintiff on its order certain other goods at a specified price and that all other merchandise should

be sold by it to the plaintiff at the prevailing market price which should be fixed by and be exclusively under the control of one Kastner, representing defendant. In the 7th paragraph provisions were made in case of a default on the part of the plaintiff in paying for goods and in that case defendant was not to be required to renew any of the notes then outstanding and all outstanding notes then unpaid were to be due and payable at its option at any time after a period of two months, and in the event of payment for the merchandise within the two months the particular default was to be waived. The 8th paragraph contained provisions relieving defendant from liability for non-delivery of goods owing to strikes and other specified causes, and in the 9th paragraph it was provided that if the defendant defaulted in delivering the goods plaintiff might return any uncut merchandise received during the year immediately preceding the default and that the cost price thereof should be applied on any amount owing by the plaintiff to defendant and that any balance should be applied to any installments of the notes due or to become due. The execution of the agreement was duly acknowledged by Meyerson and the defendant. Immediately following the acknowledgment there appears in the record as part of Exhibit A, but not referred to or in any manner required by the agreement, an acknowledged agreement by Meyerson's wife, which recites that for a valuable consideration she agreed " with the parties aforesaid to the terms of the foregoing agreement " and to indorse notes as therein provided and that she consented to any modification or extension of the contract or notes and waived notice thereof. Then follows an acknowledged agreement by the plaintiff which recites that for a valuable consideration, without specifying by whom it was paid, it ratified and confirmed " the foregoing agreement," and agreed to and with the parties thereto to perform the terms and conditions therein provided upon its part to be performed. Following that is an agreement purporting to have been made by all of the stockholders and directors of the plaintiff which recites that they " do hereby consent to the foregoing agreement and to each and every part thereof." It purports to have been signed by Myerson as the owner of forty-four shares, by his wife as the owner of five, and by one Mencher as the owner of one. Prior to the

commencement of this action Meyerson in his individual right brought an action against the defendant for damages for breaches of its contract with him, and in the complaint he alleged the same breaches alleged in the complaint herein and those only. Defendant demurred to the complaint for insufficiency and then moved for judgment on the pleadings. The demurrer was sustained at Special Term but on appeal this court held that the complaint was good and reversed the order and overruled the demurrer. (*Meyerson* v. *Franklin Knitting Mills,* 185 App. Div. 458.) Although Meyerson's complaint was predicated on the same breaches of the contract as the complaint in this action, he did not seek to recover damages on the same theory. He based his damages on the diminution in the value of his stock which he purchased and which it then appeared was all the capital stock of the plaintiff, while in this action the damages would necessarily be measured by the difference between the contract price and the market value of the goods defendant agreed to deliver, or in other words the additional amount the plaintiff would have been obliged to pay in the market to purchase the goods which the defendant failed to deliver. Our former decision construed the contract as having been made for the benefit of Meyerson individually, for it was held in the opinion that he could not in that form of action recover as a stockholder or in the right of the corporation. I think the complaint cannot be sustained in view of our former decision. It would not be a reasonable construction of the contract to hold that it was intended thereby to give Meyerson in his individual right a cause of action for breaches of the contract for the damages he sustained by the depreciation in the value of the stock he purchased and also as giving a cause of action to the corporation for the same breaches of the contract to recover damages it might sustain, which necessarily affect the value of its capital stock, although its damages would not be measured by the depreciation in the value of the capital stock. In other words, to hold that the defendant incurred separate obligations to Meyerson and to the plaintiff for the performance of the contract with respect to the delivery of the goods would necessarily result in a double recovery of damages which is a construction to be avoided, for it would in effect create a penalty for the violation of the

contract.   Although the question was not presented by the demurrer to the complaint in Meyerson's action as to whether the defendant became liable to Meyerson and the plaintiff jointly for such breaches of the contract — and that question was not specifically considered in the opinion of this court — it is quite evident that the court did not deem that there could be a joint liability for it is suggested in the opinion that the plaintiff might also have a cause of action against the defendant. It is quite clear I think that there is not a joint liability to the plaintiff and to Meyerson for damages for such breaches of the contract.   This court held that Meyerson had a good cause of action for the depreciation in value of his stock caused by these breaches of the contract on the part of the defendant regardless of whether or not plaintiff has a cause of action for the same breaches which necessarily means for the entire depreciation in value of his stock without any deduction on account of defendant's liability to plaintiff.   (See *General Rubber Co. v. Benedict*, 215 N. Y. 18.)   It is quite clear that this plaintiff could not recover damages on that theory for the breaches alleged.   It follows, therefore, that there could not be a joint recovery since neither could recover on the same theory as the other with respect to damages.   It seems to me, therefore, that the obligations incurred by the defendant under the contract for such breaches thereof were necessarily either to Meyerson or to the plaintiff and not to both.   Moreover on the theory alleged now that the contract was made for the benefit of the plaintiff, which since the contract is under seal and the plaintiff is not a party thereto is the only possible theory on which the plaintiff could maintain an action thereon (*Case v. Case*, 203 N. Y. 263), I think the action is not maintainable for it does not appear that Meyerson was under any liability or obligation to the plaintiff.   (*Seaver v. Ransom*, 224 N. Y. 233; *Rochester Dry Goods Co. v. Fahy*, 111 App. Div. 748; affd., 188 N. Y. 629; *Eastern Steel Co. v. Globe Indemnity Co.*, 185 App. Div. 696.)

The learned counsel for the respondent now admits, however, that the action is not maintainable on the theory that the promise was made for the benefit of the plaintiff and endeavors to sustain the order on the theory that the plaintiff was a party to the contract and that it was in effect a tripartite agreement.

The only agreement alleged to have been made by the defendant was with Meyerson, and I think the plaintiff by executing the agreement which it made accepting the provisions of the agreement between Meyerson and the defendant, which appears to have been wholly voluntary on its part, could not make itself a party to that agreement.   It is quite clear it could not recover on the agreement executed by itself for that was neither signed nor so far as it appears assented to by the defendant.   It must, therefore, stand or fall on its right to recover on the agreement made between the defendant and Meyerson and that agreement this court held on the former appeal in the *Meyerson* case gave Meyerson a cause of action for these breaches thereof.   It is not claimed that the two causes of action could be sustained on the theory of an individual agreement between the plaintiff and the defendant with respect to the goods that were delivered and which it is claimed were unmerchantable and, therefore, it is unnecessary to discuss that point.   It follows logically from the decision of this court in the other action that Meyerson, who was in control of the plaintiff and owned all of its capital stock — and such is the inference to be drawn from the record now before the court, for doubtless the stock held by his wife and by Mencher was to qualify them as directors — made the contract for his own benefit and that any cause of action for breaches thereof inured to him.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the plaintiff's motion for judgment on the pleadings should be denied, with ten dollars costs.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.